Filed 1/23/23  P. v. Petillo CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B320732 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA077777) |
| v. | |
| SIDNEY ANDREW PETILLO, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Sidney Andrew Petillo appeals from the order denying his petition filed pursuant to Penal Code section 1172.6 (former § 1170.95).[1]  Appointed counsel filed a

---

[1]  Effective June 30, 2022, Penal Code former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats.

brief raising no issues and asked this court to conduct an independent review for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct such an independent review of the record. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) Instead, the defendant is given the opportunity to file his or her own supplemental brief or letter. If a defendant submits a letter or brief, we review the contentions or arguments set forth therein. However, if a defendant does not file a supplemental brief or letter, the appeal may be dismissed as abandoned. (*People v. Cole, supra,* at pp. 1039-1040.) Defendant was notified of the court's policy and failed to file any supplemental brief or letter. Regardless, we have read the several petitions filed by defendant in this matter and made part of the record on appeal, including a petition filed after the current appeal was filed. We find defendant's admissions in the petitions are sufficient to show that there are no arguable issues in the current appeal. We thus affirm the trial court's order.

## BACKGROUND

In 1993 defendant was charged with the first degree murder of Duanne Jones. It was further alleged that in the

---

2022, ch. 58, § 10.) We will refer to the section by its new number only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

commission of the crime, defendant personally used a firearm, within the meaning of section 12022.5, subdivision (a). A jury found defendant guilty of second degree murder and found true the firearm allegation. On August 11, 1994, the trial court sentenced defendant to 15 years to life in prison, plus a four-year firearm enhancement.

Effective January 1, 2019, the Legislature amended the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added what is now section 1172.6, which provides a procedure for convicted murderers to seek retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

In August and September 2021, defendant filed pro se petitions for writ of habeas corpus and for relief under section 1172.6.[2] Although defendant's handwriting is largely illegible, it appears defendant asserted that, as stated in the police report, he approached Jones to question him about defendant's property Jones had stolen when Jones made a movement as if to draw a

---

[2] Defendant's habeas petitions raised other issues, including ineffective assistance of counsel, which we do not address, as the denial of a petition for habeas corpus is not appealable. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7, superseded by statute on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808, 842.)

weapon. Defendant then reacted with "a split second decision" to fire "two deadly bullet rounds . . . ." Defendant essentially alleged that he lacked a willful, premeditated intent to kill Jones and that he flinched when Jones moved, causing his gun to fire.

On September 29, 2021, the trial court denied the petitions, finding that defendant had failed to make a prima facie showing under section 1172.6 and that some of the required information was missing. Two days later, defendant submitted another handwritten petition seeking relief under section 1172.6. The trial court found the request for 1172.6 relief to be so unintelligible and difficult to understand, that the court was concerned about defendant's ability to provide understandable legal details. The court thus appointed counsel for defendant, ordered the prosecution to file a response, scheduled defendant's reply, if any, and set the matter for a hearing.

In its response to the petition, the prosecution summarized facts taken from defendant's 1994 trial.[3] The prosecution averred that after the murder victim burglarized defendant's home and stole various items, defendant and a companion each armed with a handgun, saw and then approached the victim on a corner with other people. Within seconds defendant fired several rounds, and the victim, after running approximately one block from the scene of the shooting, collapsed and died. The prosecution also alleged that the jury was not instructed on a felony murder theory, the natural and probable consequences doctrine, or aiding and abetting and concluded that defendant was convicted as the

---

[3] The prosecution represented that the record excerpts, which were in electronic format, were submitted with the brief. These exhibits have not been included in the current record on appeal.

4

actual killer and that he was not entitled to relief under section 1172.6.

Defense counsel filed no reply, and at the March 10, 2022 hearing on the petition, he stated that he had reviewed the court file, had conferred with defendant, and would submit the matter on the prosecution's opposition. Counsel did not argue that the prosecutor's summary of the facts was other than represented or that the jury was instructed regarding felony murder, the natural and probable consequences doctrine, or aiding and abetting.

The trial court noted it had read and reviewed the prosecution's response, including the trial transcripts and jury instructions provided, and found defendant had not been convicted of felony murder, murder under the natural and probable consequences doctrine, and not as an aider and abettor, but rather as the actual killer. Concluding defendant had failed to make a prima facie showing that he was intitled to relief under section 1172.6, the court denied the petition. The court issued a memorandum of decision the following day. Counsel filed a timely notice of appeal on defendant's behalf on April 6, 2022.

On April 22, 2022, defendant filed another pro se section 1172.6 petition, along with another petition for writ of habeas corpus, as well as a document entitled, "Response to notice of denial on [1172.6] Resentencing P.C." This time, the section 1172.6 petition was presented partially on a preprinted form that alleged the three conditions for vacatur of defendant's murder conviction and for resentencing set forth in section 1172.6, subdivision (a).[4] Defendant again wrote that he did not intend to

---

[4] The petition essentially alleged (1) that a charge was filed against him that allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences

5

kill Jones and that under the murder law effective January 1, 2019, he "could not be found guilty for 2nd degree murder, malice aforethought now." Defendant asserted that it was "not sufficient to establish reckless endangerment to human life under imputed malice . . . ." On or about April 25, 2022, the trial court issued a memorandum of decision denying defendant's April petitions as successive with no allegation of change in circumstances. Defendant did not appeal that order.

Since the 1994 trial record has not been included in the record of appeal, and as defendant has not filed a supplemental brief or letter stating any issues he wished to have considered, we have not reviewed it and may dismiss the appeal as abandoned without doing so. (See *People v. Cole, supra*, 52 Cal.App.5th at pp. 1039-1040, review granted.) However, we have reviewed the petitions filed by defendant in this matter, including the petition filed after the current appeal was taken, and we find that defendant's admissions are sufficient to show that the trial court correctly found that defendant did not establish prima facie eligibility under section 1172.6.

It was defendant's burden to make a prima facie showing that he was entitled to relief. (§ 1172.6, subd. (c).) As relevant to defendant, he was required to make a prima facie showing that he was convicted of "felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," and that he could not be so convicted

doctrine, (2) that he was convicted of murder following a trial, and (3) that he could not presently be convicted of murder because of changes to section 188 or 189 made effective January 1, 2019.

6

under the amended murder statutes. (§ 1172.6, subd. (a); see *People v. Flores* (2022) 76 Cal.App.5th 974, 985-986.)

Defendant was convicted of second degree murder, and all through his many petitions, he has admitted that he was the actual shooter, although he claims he had no intent to kill Jones and did not premeditate the killing, intending only to ask Jones about the property he had stolen, but he flinched when Jones moved, causing his gun to fire the bullets that struck Jones. Defendant appears to have been under the mistaken belief that "malice aforethought" means premeditation. It does not. "'[M]alice aforethought' [is] not synonymous with 'willful, deliberate, and premeditated' intent." (*People v. Thomas* (1945) 25 Cal.2d 880, 901.)

Second degree murder is the unlawful killing of a human being with malice aforethought that is *not* willful, deliberate and premeditated, and may be express or implied. (§§ 187, subd. (a), 188, 189; *People v. Nieto Benitez* (1992) 4 Cal.4th 91, 102.) Malice is express "when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature." (§ 188, subd. (a)(1).) "'Malice is implied when the killing is proximately caused by " 'an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.'" [Citation.] In short, implied malice requires a defendant's awareness of engaging in conduct that endangers the life of another . . . .'" (*People v. Cravens* (2012) 53 Cal.4th 500, 507; see § 188, subd. (b).) Intentionally brandishing a firearm and firing it in the victim's direction may be the basis for a finding of implied malice, even if firing the weapon shooting was accidental. (*Nieto Benitez*, *supra*, at pp. 109-110.) The

7

question for the jury in such a case is whether the defendant was subjectively aware of the danger; for example, did he subjectively know the gun was loaded? (*Ibid.*; also cf. *People v. Boatman* (2013) 221 Cal.App.4th 1253, 1263 [defendant pulled back hammer knowing the gun was loaded].)

Defendant's allegation that he flinched when Jones moved, causing his gun to fire, was tantamount to an admission that he brandished a loaded firearm at Jones. However, he did not allege in his petitions or argue to the trial court that any fact, instruction, or other detail in the record of conviction indicates that the jury based its verdict on a theory of "felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).)

Following amendment to sections 188 and 189, liability of the actual killer remains a valid theory of liability for second degree implied malice murder that is not based upon the natural and probable consequences doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 850-851.) We conclude that defendant failed to make a prima facie showing that he is not liable for second degree murder under the amended statutes, and thus the trial court did not err.

**DISPOSITION**

The order denying the section 1172.6 petition is affirmed.

_____

LUI, P. J.          CHAVEZ, J.          HOFFSTADT, J.

8